KIMBERLY Y. CHIN, State Bar No. 271333
kchin@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 697-2000
Facsimile: (415) 813-2045

Attorneys for Defendants
BENJAMIN WINKLEBLACK, SANTA CRUZ COUNTY
ANIMAL SERVICES AUTHORITY, and MELANIE
SOBEL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert Jacobs,<br><br>    Plaintiff,<br><br>v.<br><br>Benjamin Winkleblack, Santa Cruz County Animal Services Authority, Melanie Sobel, and DOES 1 TO 50,<br><br>    Defendants. | Case No. 5:17-cv-06790-NC<br><br>**STIPULATION FOR DISMISSAL WITH PREJUDICE PURSUANT TO F.R.C.P. 41 AND ORDER**<br><br>Hon. Nathaneal M. Cousins |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective attorneys, that pursuant to Rules 41(a)(1)(A)(ii) and 41(a)(2) of the Federal Rules of Civil Procedure, this action and all claims, federal and state, asserted herein by Plaintiff Robert Jacobs against any and all Defendants named therein, be and is hereby dismissed with prejudice, each party to bear its own attorneys' fees and costs.

The parties stipulate to dismiss this action with prejudice upon the Court's approval of this stipulation and order expressly incorporating herein the terms of the settlement as follows:

1. On or about June 7, 2018, the parties to this action, by and through their respective attorneys, entered into a Conditional Settlement Agreement. Attached as **EXHIBIT A** is a true and correct copy of the executed Conditional Settlement.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

the current cat owner on June 8, 2018 at 11 a.m. to visit the cat which is alleged to be Carli, the subject cat in this litigation.

3. During the visit, Ms. Hodson took close up photographs of the cat, generally assessed the cat's living conditions, assessed the cat's health and emotional wellbeing, and asked the current owner relevant questions regarding the cat's day-to-day care and safety.

4. Ms. Hodson asked the current owner whether the cat could be returned to Plaintiff for an agreed upon fee. The current owner declined to return the cat for any fee.

5. Upon completion of the visit, Ms. Hodson reported that the subject cat appears to be in good health, her living environment and emotional wellbeing appear to be stable and Ms. Hodson believes the cat is being taken care of properly.

6. Plaintiff agrees to cease any further contact with the current owner or her family and will not attempt to obtain or procure possession of the cat by any means whatsoever, either personally, by any third-party individual, or third-party entity.

7. The United States District Court of the Northern District of California shall retain jurisdiction to enforce the Conditional Settlement Agreement.

8. In the event that one of the parties is required to enforce the terms of the settlement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

9. Each party has been represented by counsel and has consulted with and relied on the advice of counsel in this matter.

10. All parties have given authority to their counsel to enter into this stipulation on their behalves.

Respectfully submitted,

Dated: June 18, 2018

LAW OFFICES OF JOHN C. BARLOW

By: *[signature]*
JOHN C. BARLOW
Attorneys for Plaintiff
ROBERT JACOBS

Dated: June 20, 2018

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _____
KIMBERLY Y. CHIN
Attorneys for Defendants
BENJAMIN WINKLEBLACK, SANTA
CRUZ COUNTY ANIMAL SERVICES
AUTHORITY, and MELANIE SOBEL

### ORDER OF DISMISSAL

Pursuant to the stipulation of the parties, IT IS ORDERED THAT THIS ACTION BE, AND HEREBY IS, DISMISSED WITH PREJUDICE as to all claims, causes of action, and parties, with each party bearing their own attorneys' fees and costs. The Court will retain jurisdiction for the purpose of enforcing the settlement.

DATED: June 20, 2018   By: _____



GRANTED
Judge Nathanael M. Cousins
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**EXHIBIT "A"**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Robert Jacobs,<br><br>    Plaintiff,<br><br>v.<br><br>Benjamin Winkleblack, Santa Cruz County Animal Services Authority, Melanie Sobel, and DOES 1 TO 50,<br><br>    Defendants. | Case No. 5:17-cv-06790-NC<br><br>**CONDITIONAL SETTLEMENT AGREEMENT** |

Pursuant to discussions between counsel of Plaintiff Robert Jacobs ("Plaintiff"), John Barlow, Esq., and counsel for Defendants Benjamin Winkleblack, Santa Cruz County Animal Services Authority ("SCCASA"), and Melanie Sobel (collectively "Defendants"), Kimberly Y. Chin, Esq., the parties, through their counsels of record, hereby agree to settle the above-identified action on the following terms:

1. Brianne Hodson, the step-daughter or Plaintiff's counsel, will be permitted to visit the cat which is alleged to be the subject cat in this litigation at the home of the current cat owner on June 8, 2018 at 11 a.m. Ms. Hodson has agreed to act as a neutral third-party despite her relationship to Plaintiff's counsel.

2. During this visit, Ms. Hodson will be permitted to take close up photographs of the cat, generally assess the cat's living conditions, and assess the cat's health and emotional wellbeing. Ms. Hodson will be permitted to ask the current owner relevant questions regarding the cat's day-to-day care and safety. However, no intrusive questions or inspection will be permitted that may violate the right to privacy of the current cat owner or cause pain to the cat.

3. During this visit, Ms. Hodson will be permitted to negotiate with the current owner, on behalf of Plaintiff, for the return of the cat to her original owner for an agreed upon fee. The response of the current owner to this negotiation will be final

and is not to be construed as an invitation for further negotiations after the visit.

4. Within seven (7) days of the visit, Ms. Hodson will prepare and submit to counsel for both parties, a written report of her findings regarding the cat's living environment and conditions, the cat's health and emotional wellbeing, and her day-to-day care and safety. The report will also include copies of any and all color photographs taken by Ms. Hodson during the visit. If the current owner is willing to return the cat to Plaintiff, for an agreed upon fee, Ms. Hodson's report will indicate that fact, and arrangements for ownership transference will be made by Ms. Hodson. Plaintiff would prefer to have 2-3 short visits with the cat at a neutral, indoor location, prior to the transfer of ownership. If the current owner refuses that request, then Ms. Hodson will take possession of the cat and arrange with Plaintiff to make the physical transfer. Payment to the current owner of the agreed upon transfer fee will be paid by cashier's check at the time of transfer. If the current owner is unwilling to return the cat to Plaintiff for a fee of any amount acceptable to Plaintiff, the current owner's response will be final, and Plaintiff will accept that fact. If that is the current owner's final decision, Plaintiff will cease any further contact with the current owner or her family, and Plaintiff will not attempt to obtain or procure possession of the cat by any means whatsoever, either personally, by any third-party individual or third-party entity.

5. Should Ms. Hodson's report demonstrate that the subject cat's living environment, health and emotional wellbeing is being taken care of properly, Plaintiff agrees to execute a Stipulation of Dismissal drafted by Defendants' counsel within fifteen (15) days of the date of Ms. Hodson's report. The Stipulation of Dismissal will include the terms set forth in this agreement, including whether the current owner agreed to return the cat for a fee or declined to do so. The Stipulation will dismiss all claims, federal and state, brought by Plaintiff against Defendants arising out of and/or from the subject cat.

6. The United States District Court of the Northern District of California shall retain

CONDITIONAL SETTLEMENT AGMT.
5:17-CV-06790-NC

jurisdiction to enforce the settlement agreement.

7. Each party will bear its own attorney's fees and costs. Each party has been represented by counsel and has consulted with and relied on the advice of counsel in this matter.

8. In the event that one of the parties is required to enforce the terms of this agreement, the prevailing party shall be entitled to reasonable attorney's fees and costs.

9. All parties to this action have given authority to their counsel to enter into this settlement agreement on their behalves.

IT IS SO AGREED.

Dated: June 5, 2018

LAW OFFICES OF JOHN C. BARLOW

By: _____
JOHN C. BARLOW
Attorneys for Plaintiff
ROBERT JACOBS

Dated: June 7, 2018

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By: _____
KIMBERLY Y. CHIN
Attorneys for Defendants
BENJAMIN WINKLEBLACK, SANTA CRUZ COUNTY ANIMAL SERVICES AUTHORITY, and MELANIE SOBEL